## SPILLER *v.* DAVIDSON.

The prescription of five years, C. C. 3505, does not apply to a note not negotiable. Such a note is prescribed by ten years. C. C. 3508.

APPEAL from the District Court of Livingston, *Lawson*, J. *Walterston*, for the plaintiff. *W. D. Hennen*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff alleges that, in 1839, he placed a note in the hands of the defendant for collection, and that the defendant has made no effort whatever to obtain a judgment, but has permitted it to become extinguished by prescription; that he has retained the note in his possession and has transferred it for his own benefit; and by his professional neglect and misconduct has made himself liable for its amount. The defendant pleaded the general issue. He also pleaded that the plaintiff had failed to furnish the evidence necessary to establish the validity of the note; that he had offered to return the note; and has always held it subject to the plaintiff's order. He deposited the note with the clerk of the court at the time of filing his answer.

The note is dated, in October, 1838, is payable at twelve months, and is not

SPILLER
v.
DAVIDSON,

negotiable in its form, being a promise to pay to *Isaac B. Shipler.* It purports to be signed by the mark of the maker, *Amelia Gordon.*

As the instrument was not negotiable, it was not subject to the prescription of five, but of ten years. It is, therefore, not yet prescribed. *Whiting* v. *Prentice,* 12 Rob. 141, &c. The judgment of the court below based upon the supposed extinction of the note is, therefore, erroneous.

In an action of this sort it is incumbent on the plaintiff to show that he had a valid claim, which has been impaired or lost by the negligence or misconduct of the attorney. The evidence does not establish the existence now, or at any time, of a valid claim in favor of the plaintiff against *Amelia Gordon* or her succession.

It is, therefore, decreed that, the judgment of the court below be reversed, and that there be judgment for the defendant, with costs in both courts.