SAVOY, Judge.
This suit was brought by plaintiff, as the administrator and father of his minor son, against defendant insurance company, to recover from said defendant the sum of $186.25, plus penalties and attorney’s fees, alleged due by defendant to plaintiff under the provisions of a policy designated “Students’ and Teachers’ School Term Accident Policy” issued by defendant to plaintiff for the benefit of his minor son. Plaintiff’s son was a student at the Sacred Heart Pligh School at Ville Platte, Louisiana. While on the school grounds, plaintiff suffered a shoulder injury on September 8, 1959, while the policy sued on was in force. He was taken the same day to the Dupre Clinic in *593 Ville Platte and treated by Dr. Charles J. Aswell. He incurred a medical bill of $3.00, a hospital bill of $18.00, and a surgical bill of $15.00.
On June 7, 1960, plaintiff’s son was seen by Dr. William L. Meuleman, an orthopedic surgeon, who, after examining the minor, hospitalized said youth and performed an operation on his shoulder.
A statement was presented to defendant, and it paid all medical expenses except that it refused to pay the sum of $186.25, which sum was the hospital bill incurred by plaintiff on behalf of his son. This bill resulted from the operation by Dr. Meuleman.
Following the refusal by defendant to pay the hospital bill, plaintiff instituted the present suit.
The defendant answered the suit alleging that all benefits owing to plaintiff, for the benefit of his minor son, under the terms of the policy had been paid.
After a trial on the merits, the district judge held that since the hospital expenses had not been incurred within thirty (30) days from the injury, as provided in the policy of insurance, no recovery could be had by plaintiff. Plaintiff has appealed to this Court from said judgment.
The pertinent provision of the policy in the instant case provides as follows :
“Medical Expense
“If the Insured by reason of any covered injury shall require any necessary services of a graduate nurse, holding the degree of R. N., necessary care or treatment by a Physician, Surgeon, or Osteopath holding the degree of M. D. or D. O. only, the Company will pay for such services, provided, however, that in the event of injuries not requiring surgical operations, the Company’s liability, covering all items of expense (except as otherwise provided herein), shall be limited up to $5.00 for the initial visit, treatment and care and $3.00 for each subsequent visit, treatment and care with respect to such Physician, Surgeon, or Osteopath. Surgical operations resulting from any injury covered by this Policy will be paid in accordance with the usual and customary charge normally made within the area in which such treatment is administered. If the Insured shall, within thirty days from the date of such injury, require any necessary hospital care or service, the Company will pay such expense incurred, provided, however, that the Company’s maximum liability for Medical, Surgical and/or Hospital care shall not exceed a maximum of $3,000 and provided that such expense shall be incurred within fifty-two weeks from the date of such injury. Expense for physiotherapy, diathermy, heat treatment in any form, manipulation or massage will be payable only when such treatment is performed in the hospital. X-rays, in the event that there is no fracture, will be payable up to $5.00. If a fracture is present, the Company will pay the expense incurred for all such necessary X-rays. Surgery for cosmetic purposes shall be limited to the sum of $250.00.”
On appeal, the attorney for plaintiff argued that the trial judge placed too narrow a construction on the above provision of the policy, and that from a reading of all of the provision, he should recover the sum sued for for hospital care and services. He also argued that the phrase, “the Company’s maximum liability for medical, surgical and/or hospital care, shall not exceed a maximum of $3,000 and provided that such expenses shall be incurred within fifty-two weeks from the date of said injury” can only mean that (1) medical, (2) surgical and/or (3) hospital care expenses must be incurred within fifty-two weeks from the date of said injury; and that in the instant case, since the medical care occurred within one (1) year from the issuance of the policy, his client should recover.
Counsel for appellee, on the other hand, states that his interpretation of the above *594 provision of the policy is that if the insured requires any necessary hospital care or services more than thirty (30) days after the date of the injury, he cannot recover for same.
We have examined the above disputed provision of the policy carefully, and are of the opinion that the interpretation given to it by the trial judge is too narrow and restricted.
It is the opinion of this Court that the clause “Surgical operations resulting from any injury covered by this Policy will be paid in accordance with the usual and customary charge normally made within the area in which such treatment is administered” as used in the policy, includes hospital expenses incurred in the hospital by reason of surgery as a result of the injury sustained by the minor in the instant case; that the only limitation imposed in the policy is that the maximum liability for medical, surgical and/or hospital care shall not exceed $3,000.00; and that such expenses shall be incurred within fifty-two weeks from the date of such injury. The thirty (30) day limitation applies only to the hospital care where surgery is not involved.
In the case of Seguin v. Continental Service Life & Health Ins. Co., 230 La. 533, 89 So.2d 113, 55 A.L.R.2d 1014, the court said:
“Again, in Beard v. Peoples Industrial Life Ins. Co. of Louisiana, La.App.2d Cir., 5 So.2d 340, 342, it was stated:
“ ‘In the construction and interpretation of contracts of insurance, just as with other contracts, the intention of the parties is of paramount importance. This intention is determined in accordance with the plain, ordinary and popular sense of the language which they have used in the agreement, and by giving consideration, on a practical, reasonable and fair basis, to the instrument in its entirety.’ ”
******
“It must be remembered that a contract of insurance is prepared by the insurance company, and that the company contracts through its agents with ordinary laymen who do not know the technical meaning of medical words and phrases. No doubt this is one of the reasons why the courts in construing the meaning of medical words and phrases found in health, accident, and sickness policies have consistently said that such words and phrases should be understood in their plain, ordinary, and popular sense rather than in their scientific sense. * * * ”
We next address ourselves to plaintiff’s demand for penalties and attorney’s fees.
LSA-R.S. 22:657 provides, in part, as follows:
“All claims arising under the terms of health and accident contracts issued in this state shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer, unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court. * * * ”
This Court is of the opinion that plaintiff is entitled to double the amount of the accident policy or the sum of $372.50 because of the failure of the defendant to pay said claim within thirty (30) days as provided for in LSA-R.S. 22:657.
*595 This Court is also of the opinion that plaintiff is entitled to attorney’s fees. The record reveals that counsel for plaintiff prepared the pleadings and tried the case in the district court; briefed the case in this Court, and argued the case before this Court. We feel that the sum of $200.00 is adequate and we are allowing him that sum for his services.
For the reasons assigned, the judgment of the district court is reversed, set aside and annulled, and judgment is hereby rendered in favor of plaintiff, Rodney Fonte-not, and against defendant, Wabash Life Insurance Company, in the full and true sum of $572.50, together with interest at the rate of 5% per annum from judicial demand until paid, and for all costs of the district court and in the Court of Appeal.
Reversed and rendered.