BOLIN, Judge.
Plaintiff, James Huhner Reynolds, husband of Barbara D. Reynolds, and father of the minor, Janet Barbara Reynolds, brought this suit against Aetna Life Insurance Company and Aetna Casualty and Surety Company, for the expenses of dental work performed upon his minor daughter, allegedly payable under a “Government-Wide Indemnity Benefit Plan”, issued by Aetna Life and serviced by Aetna Casualty, and issued to and in the name of his wife. The lower court found plaintiff was entitled to judgment for the principal sum of $1,040.00 for medical expenses plus statutory penalties in the amount of $2,080.00, or a total of $3,120.00, but limited the amount of recovery to $2,720.00 because of plaintiff’s pleadings. Plaintiff was also awarded $750.00 for attorney’s fees. From this judgment defendant Aetna Casualty appeals.
It is undisputed Aetna Life had issued an insurance policy insuring plaintiff’s minor daughter for specified medical expenses ; that this policy was in effect during the time the medical treatments, made the basis of this suit, were performed; and that the sum of $1,040.00 is the correct amount payable for such expenses if the policy affords coverage.
Aetna contends the $1,040.00 item is not covered by the policy provisions but, on the contrary, is specifically excluded. Appellant further specifies the lower court erred in awarding plaintiff penalties and attorney’s fees and alternatively, if penalties were due, the court erred in computing such penalties at 200% of the principal award instead of 100% as provided by Louisiana Revised Statute 22:657.
Plaintiff’s minor daughter, Janet, was born with a harelip and cleft palate. By the date of trial, Janet had undergone seven different operations for the correction of this condition and for four and one-half years had been under the treatment of an orthodontist who at that time decided no further improvement could be accomplished orthodontically. Plaintiff’s daughter then was taken to see Dr. Jack M. Ratley, the treating dentist, whose bill for professional services is the subject of this lawsuit. Dr. Ratley undertook to treat Janet for the final correction of the cleft palate and protruding mandible which had caused severe malocclusion. Dr. Ratley testified he completed the closure of the cleft palate and removed three impacted teeth two of which had drifted into the midline of her mouth as a result of the failure of the maxilla to close before birth.
After extensive dental treatment by Dr. Ratley, Janet’s condition was corrected from what was initially described by him as the “worst case of malocclusion I had ever seen, or read about” to a functional occlusion sufficient to permit her to “bite lettuce, thread, or anything with her front teeth and [she] has full range of motion with her jaw where her front teeth come in contact.”
*627 The dispute as to insurance coverage arises over the following provisions of the policy:
“OTHER HOSPITAL, AND SURGICAL & MEDICAL EXPENSES
“Subject to the definitions, limitations, and exclusions in this brochure, reasonable and customary charges for the services and supplies, in or out of a hospital, listed on this and the next two pages are allowable as Other Hospital, and Surgical & Medical Expenses:
“Professional services of doctors, such as surgery, consultations, and home, office, and hospital calls * * * [page 11 of policy brochure.]
“OTHER HOSPITAL, AND SURGICAL & MEDICAL EXPENSES (Con.)
“Dental work and oral surgery. The Other Hospital, and Surgical & Medical Expenses as listed on page 11, and charges for dental materials (fillings, crowns, false teeth, etc.) are allowable expenses for the following treatment:
“Prompt repair of accidental injury to natural teeth
“Reduction of fractures of the jaw or facial bones
“Surgical correction of harelip, cleft palate, or protruding mandible * * ”
“ * * * In connection with all other dental work and oral surgery, the only allowable expenses are the hospital charges specified on pages 9 and 11.” (Italics in policy.) [Page 12 of policy brochure.]
Aetna contends under the above quoted provisions the dental work and surgery are allowable expenses only for the “surgical” correction of a harelip, cleft palate or protruding mandible and that the work done by Dr. Ratley was ordinary dental work and as such, excluded under the last quoted provision of the policy.
The lower court resolved this contention against Aetna and we are in accord with this finding. We find the extensive dental work done by Dr. Ratley was merely the culmination of the necessary treatment to correct Janet’s “cleft palate or protruding mandible” and falls squarely within the policy provisions from page 12 of the policy quoted supra.
Louisiana Revised Statute 22:657 provides that penalties and attorney’s fees are payable by the insurer “unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist.”
There is no dispute that Aetna refused to timely pay the claims. The only issue concerning assessment of penalties is whether such refusal was “reasonable” under the cited statute. The record shows repeated demands upon the insurance company to pay this claim and in each instance the refusal to pay was based upon the company’s interpretation of the policy provisions. The lower court held a reasonable, prudent business man would not have refused payment. We find no error in this conclusion.
We find the lower court erred in assessing penalties equal to double the amount of the “claim.” Louisiana Revised Statute 22:657 provides:
“ * * * Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms-of the policy or contract during the period of delay, together with attorney’s, fees to be determined by the court. * * *»
The trial judge interpreted the quoted provision subjecting the insurer to a “penalty payable to the insured of double the amount of health and accident benefits due under the terms of the policy” as meaning that the insured was entitled to the full amount of his provable claim, plus double *628 the amount of the claim as penalties. In other words, under the trial court’s interpretation, plaintiff was entitled to three times the amount of his policy benefits.
While the language of the statute is somewhat confusing our courts have uniformly interpreted it to permit the recovery of a penalty equal to 100% of the amount due, plus attorney’s fees. Taylor v. Liberty Industrial Life Insurance Company (La.App. 1 Cir., 1939) 185 So. 649; Gleason v. Bankers Life & Casualty Company (La.App. 2 Cir., 1962) 147 So.2d 86; Fontenot v. Wabash Life Ins. Co. (La.App. 3 Cir., 1962) 143 So.2d 592, affirmed 243 La. 1049, 150 So.2d 10 (1963).
The $750.00 awarded as attorney’s fees does not seem to be questioned and we find it to be justified and reasonable.
For the reasons assigned the judgment appealed from is amended so as to reduce penalties to the sum of $1,040.00, and as amended is affirmed at appellant’s cost.
Amended and affirmed.