387 So.2d 1348 (1980)
Joseph M. ALFONSO et al.
v.
Reginald McINTYRE and Appalachian Insurance Co.
No. 13527.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
Rehearing Denied September 4, 1980.
James J. Zito, Baton Rouge, for plaintiffs.
John Dale Powers, Baton Rouge, for defendants.
Before EDWARDS, LEAR and WATKINS, JJ.
*1349 WATKINS, Judge.
This is a suit for legal malpractice brought by plaintiffs, heirs of Frank Alfonso, against their original lawyer, and his malpractice insurer, Appalachian Insurance Co. The trial court rendered judgment for defendants. We affirm.
Plaintiffs-appellants claim their original lawyer negligently handled a suit brought by them against a daughter of Salvador (Sam) Alfonso, Frank Alfonso's brother, by failing to file an appeal bond. The original suit was a petitory action. Judgment was rendered for defendant, and was signed on October 12, 1976. Plaintiffs filed a motion for appeal. However, the appeal bond was not filed. This Court in No. 11,379 dismissed plaintiffs' appeal for lack of jurisdiction because of failure to file an appeal bond.
The present action for malpractice was then filed, alleging the failure properly to perfect an appeal.
In order to prevail in a legal malpractice suit involving alleged mishandling of a prior suit, plaintiffs must show that because the prior suit was mishandled, plaintiffs lost the original suit or had their position otherwise impaired. The following quotation from Vessel v. St. Paul Fire & Marine Insurance Co., 276 So.2d 874 (La. App. 1st Cir. 1973), which quoted in turn from Toomer v. Breaux, infra, is pertinent:
"The following in Toomer v. Breaux, 146 So.2d 723 (3rd La.App. 1962, writs denied, 1963), clearly announces the law applicable to the burden of proof in a legal malpractice suit:
`(9) An attorney is liable to his client for the damages caused to the latter by the attorney's negligence in the handling of the client's business, providing that the client proves by a preponderance of the evidence that such negligence is the proximate cause of the loss claimed. King v. Fourchy, 47 La.Ann. 354, 16 So. 814; Dyer & Stevenson v. Drew, 14 La.Ann. 657; Spiller v. Davidson, 4 La.Ann. 171 (stating, for example, that it is necessary for the client "to show that he had a valid claim, which has been impaired or lost by the negligence or misconduct of the attorney." 4 La.Ann. 172); Thompson v. Lobdell, 7 Rob. 369; Breedlove v. Turner, 9 Mart. (O.S.) 353 (pointing out that reasonable misjudgment, especially when the law is unclear, is not actionable negligence). See also: Annotation, "Attorney's liability for negligence in preparing or conducting litigation", 45 A.L.R.2d 5.'"
(276 So.2d 874, 877)
We have thoroughly reviewed the written reasons for judgment and the transcript in the original suit. We find that the trial court's findings of fact and conclusions of law in that case are well stated and eminently correct. We find, therefore, that the plaintiffs-appellants would not have obtained reversal or amendment of judgment on appeal.
We quote the trial court's written reasons for judgment in the original suit in full:
"This is a petitory action filed by the heirs of Frank and Rosa Alfonso against the defendant, Francis Alfonso Ragusa (a first cousin) who was the daughter of Salvador (Sam) Alfonso.
On May 23, 1910, Frank and Sam Alfonso acquired twenty (20) acres of land from R. J. Moore which included the area in dispute.
On January 8, 1934, Frank and Sam Alfonso executed an Act of Partition (Plaintiffs Exhibit # 2) with Frank Ragusa receiving, according the (sic) the Act of Partition, property including the .026 acres in the northeast corner of the NE¼ of the NW ¼ of the NW ¼ of Section 23, T 6 S R 7 E, Tangipahoa Parish, Louisiana.
The status of the property remained unchanged until the year 1960, when a Judgment of Possession was signed in the *1350 succession of Frank Alfonso and Rosa Alfonso. The heirs of the aforesaid were recognized as the owners and placed in possession as co-owners of among other properties: `The NE ¼ of the NW ¼ of the NW ¼ of Section 23, T 6 S R 7 E, Hammond, Tangipahoa Parish, Louisiana, bounded West by Nashville Street and North by Ward Line Road.'
At this point the Court notes two other interesting developments: first, that the East boundary owner was not mentioned even though the Western and Northern boundaries were noted, and second, that the only survey then in existence was the apparently erroneous survey of Mr. C. M. Moore dated December 9, 1959 (attached to Defendant Exhibit # 1).
On February 1, 1960, and specifically referring to the Moore map of December 9,1959, as well as specifically stating that they were co-owners in indivision and were amicably partitioning the NE ¼ of the NW ¼ of the NW ¼ of Section 23, T 6 S R 7 E, etc., which again unequivocally includes the disputed .026 acre tract although same does not appear because of the erroneous Moore map of December 9, 1959, attached to this Act of Partition. In this partition, Rose Alfonso Accardo received Lot # 4, which Mr. Moore had indicated to be the most Northeasterly portion of the NE ¼ of the NW ¼ of the NW ¼ of Section 23; but a later examination by C. G. Webb, C. E. and surveyor, as well as Wallace Adams, C. E and surveyor, indicated that did not include the disputed .026 acre tract. Again, the conclusion is inescapable that Mr. Moore thought he was partitioning the entire NE ¼ of the NW ¼ of the NW ¼ of Section 23 because of the precise language of the Act of Partition as well as the map attached, when in fact, he had the Eastern line of the NE ¼ of the NW ¼ of the NW ¼ of Section 23, 54.87 feet further West than actually, and in fact, existed on the ground.
The next transaction occurred in February of 1963 when the heirs of Frank and Sam Alfonso executed an Act of Correction with Frank Alfonso again receiving `The NE ¼ of the NW ¼ of the NW ¼ of Section 23 T 6 SR 7 E, containing ten acres' and again containing the .026 acre tract that is the subject of this lawsuit.
Mrs. Rose Alfonso Accardo and her husband, Nat Accardo, subsequently conveyed Lot # 4 of the Moore partition to Robert A. Maurin, Jr., on September 28, 1967 (Defendant Exhibit # 2) and Maurin quitclaimed all of his interest in the disputed .026 acre tract to the defendant, Francis Ragusa, et al., by Deed dated May 1, 1975 (Defendant Exhibit # 3).
This now brings us to the question as to who is the owner of the .026 acre tract in the Northeast corner of the NE ¼ of the NW ¼ of the NW ¼ of Section 23, T 6 S R 7 E, Parish of Tangipahoa, State of Louisiana.
It is not clear as to what Frank and Sam Alfonso intended in their partition of 1934 although Frank Alfonso clearly received title to the disputed .026 acre tract according to the property description. However, there was convincing testimony that these parties intended to partition along a canal or ditch which would have actually put the disputed tract on Sam Alfonso's side of the canal or ditch. It appears then that the legal instrument indicated one situation and the intention of the parties and actual location of the properties was in a slightly different location.
From December 9,1959 (the date of the Moore map) until Mr. Moore's error was discovered by Mr. Adams and Mr. Webb, it is clear to the Court that all parties considered the disputed area on the ground as belonging to the defendant, Francis Alfonso Ragusa.
The Court feels that the heirs of Frank Alfonso did not claim this disputed tract, and clearly intended to execute a partition of all the property that they inherited even though the Moore map was in *1351 error as concerns the East line of this tract. Additionally, the possession in good faith and under color of title by defendant Ragusa in excess of ten years would defeat the claim of the plaintiff.
Having disposed of the matter on the basis of ten years acquisitive prescription, it is unnecessary to discuss another facet of the case. However, even if ten years acquisitive prescription were not applicable, the plaintiffs claim would be defeated because of the following: If you assume for purposes of argument that it was clearly the intention of Frank and Sam Alfonso for Frank Alfonso to receive the disputed area in the partition with Sam Alfonso, then you would also have to assume, and the inescapable conclusion is, that it was intended for Rose Alfonso Accardo to receive the Northeastern portion of the NE ¼ of the NW ¼ of the NW ¼ of Section 23, which would include the disputed .026 acre tract as her partitioned Lot # 4. It would then follow that Mrs. Accardo intended to convey to Mr. Maurin the entire tract including the disputed area and Maurin subsequently conveyed to defendant, Francis Ragusa, et al., this tract.
For the above and foregoing reasons, the demands of the plaintiff are rejected and there be judgment is (sic) favor of defendant, dismissing the plaintiffs demands, all costs to be equally divided ½ to plaintiff and ½ to defendant."
We are especially impressed with the trial court's determination that ten years' acquisitive prescription applied, and consider that determination incontrovertibly correct. See Scott v. Brown Paper Mill Co., 174 So. 212 (La.App.2d Cir. 1937), and the cases cited therein.
The judgment of the trial court in the present case is affirmed, at appellants' cost.
AFFIRMED.