404 So.2d 1344 (1981)
Neva R. ROBINETT, Plaintiff-Appellant,
v.
METROPOLITAN LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 14643.
Court of Appeal of Louisiana, Second Circuit.
September 29, 1981.
B. J. Woods, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Ben Marshall, Jr., Shreveport, for defendant-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
This is an action to recover the costs for surgery performed by a dentist under a health insurance policy, and statutory penalties for its denial. The trial court granted defendant's motion for summary judgment, and plaintiff appeals. We reverse and remand.
The only issue before us is whether the granting of the summary judgment was correct. That depends on the existence of two requirements: (1) that there be no genuine issue of material fact, and (2) that defendant be entitled to judgment as a matter of law.
Plaintiff, Neva R. Robinett, was an employee of WKM Wellhead Systems, Inc. As an employee of WKM plaintiff was entitled to the benefits of the group medical benefit plan issued by defendant, Metropolitan Life Insurance Company, to WKM.
The Group Master Policy contains the following language:
"ExceptionsExpenses incurred for any of the following shall in no event be considered Covered Medical Expenses:
* * * * * *

*1345 (b) Dental services of any kind, except that expenses for such services required for correction of damage caused by accidental injury sustained by the employee or dependent while insurance is in force on his account and expenses for hospital room and board and other special hospital services while the employee or dependent is a registered bed patient, shall not be excluded provided such expenses otherwise qualify as covered medical expenses."
Similar provisions are contained in the Group Insured Certificate and Booklet issued to each employee.
Plaintiff had a deformity of the upper jaw which precluded her bringing her upper and lower teeth together in a normal manner. This condition is called a malocclusion. Due to this genetic deformity only a few of plaintiff's rear teeth could come in contact. This placed unusual stress on plaintiff's mandibular joints causing damage to the joints and pain to plaintiff.
Plaintiff sought treatment to relieve the pain from Dr. Jack W. Gamble, a dentist. Dr. Gamble is an Oral and Maxillo-Facial Surgeon, which is a specialty in dentistry. Dr. Gamble initially treated plaintiff by extracting several wisdom teeth. This measure did not relieve the stress on plaintiff's mandibular joints, and she returned to Dr. Gamble still experiencing pain.
At this time Dr. Gamble explained to plaintiff that if the improper relationship between her jaws was not corrected her mandibular joints would continue to be damaged and would eventually require surgery. Dr. Gamble also made it clear that such surgery would be pointless unless the relationship of the jaws was corrected first, because otherwise the damage to the joints would recur due to the continued stress from the malocclusion.
The procedure to correct the relationship of the jaws was performed by Dr. Gamble. The operation involved repositioning of plaintiff's maxilla, the bone holding the upper teeth. This procedure was apparently sufficient to relieve plaintiff's pain and no surgery was performed on her mandibular joints.
The motion for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Both of these requirements must exist before the motion for summary judgment may be properly granted.
We agree with the trial court that there is no genuine issue of material fact. However, we cannot say that reasonable minds must inevitably conclude that defendant-mover is entitled to judgment as a matter of law. Therefore, summary judgment for the defendant was improper. Chaisson, supra.
Defendant bases its assertion that the services rendered by Dr. Gamble are "dental services" and therefore excluded from coverage on the following testimony of Dr. Gamble in his deposition:
"Q. Doctor, would I be correct in saying that you specialize in dental services?
A. Yes.
Q. You perform exclusively dental work?
A. Yes. That does not mean that other people that are outside dentistry don't perform some of the surgery I perform. Plastic surgeons ..."
Dr. Gamble testified, in effect, that, if he did it, it must be dental work. However, Dr. Gamble candidly states that there is an area of overlap between his work and the work of persons who are not dentists. Thus, Dr. Gamble performs some procedures which might be performed by a medical doctor. Such a medical doctor testifying under the same theory that Dr. Gamble relates would testify that, if he did it, it must be medicine. This illustrates the weakness in relying on Dr. Gamble's testimony alone to determine whether the procedure was "dental services." The defendant cites no case with a holding which supports Dr. Gamble's view.
*1346 We have found several cases dealing with similar procedures or policy language.
In Davey v. Louisiana Health Serv. & Indem. Co., 357 So.2d 1170 (La.App. 4th Cir. 1978), the court found there was coverage for a procedure involving the surgical fracturing and resetting of both the maxilla and mandibula. This surgery was performed by a dentist with the assistance of an orthopedic surgeon who removed material from plaintiff's hip for a bone graft. This policy excluded coverage for dental care and treatment, dental surgery, or dental appliances unless they were necessary because of an accident.
The Davey trial court found for plaintiff on grounds that the surgery could have been performed by a medical doctor instead of a dentist. The court of appeals affirmed, but on a different basis. The court of appeal found that, in light of the applicable statute, the certificate issued to plaintiff could reasonably lead her to believe the procedure was covered by her insurance.
In Reynolds v. Aetna Casualty & Surety Company, 192 So.2d 625 (La.App.2d Cir. 1966), this circuit found coverage in a case involving the treatment of conditions including a protruding mandibula which had caused a severe malocclusion. The policy in question in Reynolds expressly covered surgical correction of a protruding mandible. The treatment was rendered by a dentist and included the removal of three impacted teeth. The insurer contended that the treatment amounted to ordinary dentistry and was therefore excluded from coverage under a dental exclusion provision of the policy. In spite of the fact that the treatment was rendered by a dentist this court found that it was within the coverage of surgical correction.
The two cases which are most helpful to us in the present controversy came from outside this jurisdiction.
The Supreme Court of Vermont addressed a problem similar to the one here presented in Simpson v. State Mutual Life Assurance Company of America, 382 A.2d 198 (Vt.1977). In Simpson the plaintiff visited a doctor of medicine complaining of loss of hearing, earaches, and cracking and popping in her jaw joint. Her condition was diagnosed as temporomandibular joint syndrome caused by uneven tension in the jaw muscles. Plaintiff was referred to a dentist for treatment. The dentist treated plaintiff's condition by repositioning plaintiff's jaw by means of medication and installation of oral prosthetic devices. Plaintiff filed a claim for the cost of this treatment which was rejected by the insurer on the basis of a policy exclusion of expenses for dental care or treatment. The court determined that the exclusion's language was ambiguous. It then held that the work done on plaintiff's jaw was not within the exclusion of dental care or treatment expenses and was therefore covered.
Finally, we consider the case of Blue Shield of Florida v. Woodlief, 359 So.2d 883 (Fla.App. 1st Dist. 1978). In Blue Shield the insured had certain dental surgery, including the extraction of three teeth and a mandibular alveoplasty done by a dentist. The insured filed a claim for the cost of the work which the insurer rejected on the basis of a policy exclusion of coverage for dental services.
The Florida court found the meaning of dental services uncertain and determined that it should include only "health care services performed directly on the teeth." Thus the fees for the extractions were within the exclusions, but the fees for diagnosis and removal or treatment of diseased tissue and bone were covered expenses.
None of the mentioned cases are on all-fours with the present case. However, Simpson dealt with a similar complaint, problems with the mandibular joint, and a treatment similar in effect, if not procedure, repositioning a jaw but not by surgical fracture. Blue Shield dealt with the same words, dental services, as used in this exclusion. Under the results of both cases there would have been coverage for the treatment rendered in this case. We find no Louisiana case except dicta in Davey, supra, which we decline to follow for purposes of summary judgment, that compels a contrary result. Indeed, in the Louisiana cases there has been coverage, though based *1347 on facts not greatly like the ones present in this case.
We are impressed by the fact that the repositioning of plaintiff's maxilla and correction of her malocclusion was not an end in itself. The purpose of this treatment was to relieve the pain from plaintiff's mandibular joint, rather than to correct plaintiff's dental problems. That the malocclusion was corrected was only a happy effect of the course of treatment to end the pain in the mandibular joints rather than the cause of it.
In light of the above discussed cases, facts, and testimony, we cannot say that reasonable minds must inevitably conclude that, as a matter of law, the procedures performed on plaintiff were "dental services" and therefore excluded from coverage under the policy.[1] Thus, one of the two requirements for granting a motion for summary judgment was absent and the defendant's motion should have been denied.
The judgment is reversed and the case remanded for further proceedings. All costs of this appeal are assessed against appellee.
REVERSED and REMANDED.
NOTES
[1] We emphasize that we do not decide whether the procedures are actually within the coverage of the policy. We only decide that reasonable minds would not inevitably conclude that the expenses sued for were not covered by the policy.