426 So.2d 339 (1983)
CREDITHRIFT OF AMERICA, INC., Plaintiff-Appellee,
v.
Jessie WILLIAMS, Jr., Defendant-Appellant.
No. 15118-CA.
Court of Appeal of Louisiana, Second Circuit.
January 17, 1983.
*340 Simon, Fitzgerald, Cooke & Reed by Keith M. Welch, Shreveport, for plaintiff-appellee.
Pugh & Pugh by Robert G. Pugh, Jr., Shreveport, for defendant-appellant.
Before HALL, MARVIN and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
This is an action to annul a sheriff's sale, a deficiency judgment and a garnishment, and for damages. The plaintiff is Jessie Williams, Jr., and the defendant is Credithrift of America, Inc. Plaintiff appeals a judgment granting defendant's motion for summary judgment and dismissing his action. We REVERSE IN PART and REMAND.
Williams assigns only one error; that the trial judge erred in holding that a deficiency judgment and garnishment could be obtained even though there was noncompliance with the statutes regulating executory process.
The arguments of the parties raise two primary issues:
1) was there any violation of the statutory rules regulating executory process and deficiency judgments; and
2) if so, does that violation provide grounds for the annulment of the judgment and garnishment attacked by plaintiff.

The Facts
In 1976 Williams financed the purchase of a Chevrolet van through Credithrift. Williams gave Credithrift a note in the amount of $8,928.00 secured by a mortgage on the van. The mortgage conferred on Credithrift the rights to use executory process and to sell the van without appraisment in the event of default by Williams.
*341 In July, 1979, when the amount owed on the note had been reduced to approximately $2,000, Williams failed to make a payment. Credithrift commenced an executory proceeding to enforce its mortgage on the van.
The van was seized and both parties appointed appraisers. Both appraisals were made on May 13, 1980. Credithrift's appraiser valued the van at $1,000 and Williams' appraiser valued the van at $1,500. According to affidavits filed in support of the motion for summary judgment, Credithrift's appraiser then acceded to the sheriff's request that he conform his appraisal to that of the debtor's appraiser in order to obviate the requirement that the sale be rescheduled and a third appraiser appointed. On May 14, 1980, the sale was held and the van was purchased by Credithrift for the minimum bid of $1,000. The net proceeds of the sale were $799.30.
Credithrift then obtained a deficiency judgment by default against Williams for the amount of the debt, $2,037.99, interest, 25% attorney's fees and costs, subject to credits of $20.77 for unearned interest and rebated insurance, and $799.30 for the proceeds of the sale of the van. Credithrift garnished Williams' wages to satisfy the deficiency judgment.
Williams responded by bringing this action. Credithrift interposed several exceptions which were overruled. Williams made a motion for summary judgment which was denied. Credithrift then made this motion for summary judgment which was granted. Williams appealed.
Summary judgment should be granted if, and only if, there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225 (La. 1979); Ray v. Associated Indem. Corp., 373 So.2d 166 (La.1979); LSA-C.C.P. art. 966. Even if there is no genuine issue of material fact, summary judgment is improper if the mover is not entitled to judgment as a matter of law. Robinett v. Metropolitan Life Ins. Co., 404 So.2d 1344 (La.App. 2d Cir.1981).
The district judge concluded that the facts were not in dispute and that Credithrift was entitled to judgment in its favor. While we are in accord with the conclusion that there was no genuine issue of material fact, we cannot say that reasonable minds must inevitably conclude that Credithrift is entitled to dismissal of plaintiff's action as a matter of law.

Issue # 1
Appellant argues that the statutory rules governing executory process and deficiency judgments were not complied with in two respects. First, that the appraisals were not made at least two days prior to the sale and, second, that a third appraiser was not appointed by the sheriff following the initial disagreement between the appraisers appointed by the parties. We find appellant's first argument well founded and, thus, do not consider the second.
A creditor may obtain a deficiency judgment only if the property has been sold in an executory proceeding after an appraisal in accordance with law. LSA-C.C.P. arts. 2771, 2723. No deficiency judgment can be obtained if the sale is made without appraisal. LSA-R.S. 13:4106; Bank of New Orleans & Trust Co. v. Brule, 389 So.2d 1148 (La.App. 4th Cir.1980); Ford Motor Credit Company v. Soileau, 323 So.2d 221 (La.App. 3d Cir.1975). Thus, though a sale with appraisal is not required under C.C.P. art. 2723, a sale with appraisal is required in order for a creditor to obtain a deficiency judgment.
The sale involved in this case occurred in 1980. At that time R.S. 13:4363 stated that the "... appraisal shall be made at least two days, exclusive of holidays, prior to the time of sale."[1] The word "shall" is mandatory. LSA-R.S. 1:3.
Executory process is a harsh remedy and one seeking to avail himself of executory *342 process must strictly comply with the letter of statutory requirements for its use. Chrysler Credit Corp. v. Stout, 404 So.2d 304 (La.App. 3d Cir.1981); American Sec. Bank of Ville Platte v. Deville, 368 So.2d 167 (La.App. 3d Cir.1979).
The appraisal sheet in these proceedings show that the appraisals were made only the day before the sale in clear violation of the mandatory language of R.S. 13:4363 as it then existed. Therefore, the purported appraisals are invalid and it is as if there was no appraisal at all. The deficiency judgment was obtained in violation of LSA-C.C.P. art. 2771 and R.S. 13:4106.

Issue # 2
Credithrift contends that the sheriff's sale, deficiency judgment and garnishment cannot be annulled because of statutory violations unless it is also shown that the plaintiff is deprived of legal rights and that enforcement of the deficient judgment and garnishment would be inequitable or unconscientious. This contention is based on Leidig v. Leidig, 187 So.2d 201 (La.App. 3d Cir.1966) and Tapp v. Guaranty Finance Co., Inc., 158 So.2d 228 (La.App. 1st Cir. 1963), writ refused, 245 La. 640, 160 So.2d 228 (1964). Appellee argues that neither of the required factors is present.
We first consider appellant's demand that the sheriff's sale be annulled.
Though there was a violation of the statute governing appraisals during the executory proceeding, that violation does not invalidate the sheriff's sale. An appraisal is not required where, as here, appraisal has been waived in the mortgage. C.C.P. art 2723. Therefore, defendant was entitled to judgment as a matter of law dismissing plaintiff's demand that the sheriff's sale be annulled and summary judgment was properly granted as to that demand.
We now turn to the remaining demands.
Credithrift contends that there is no deprivation of a legal right nor is the enforcement of the deficiency judgment and garnishment inequitable or unconscientious and that both are necessary in order to grant the requested relief. We disagree. The plaintiff has been deprived of his right to be free of a deficiency judgment and the enforcement of the deficiency judgment against him would be grossly unfair, inequitable and unconscientious.
Our law provides creditors with an extremely powerful remedy in executory process. The creditor is denied the additional remedy of a deficiency judgment, except where the seized property has been sold with appraisal, in order to protect debtors from possible abuse resulting from the judicial sale of property without notice or proper appraisment. Ardoin v. Fontenot, 374 So.2d 1273 (La.App. 3d Cir.1979). The remedy of the deficiency judgment is also subject to abuse if the provisions of R.S. 13:4363, et seq., regulating appraisal procedures are not strictly complied with.
One purpose of the appraisals two days before the sale as required by R.S. 13:4363 is to protect debtors from unnecessary deficiency judgments by encouraging more competitive bidding for the seized property. Competitive bidding is best fostered by making information available well in advance of the sale of the amount of the appraisals. From the appraisals the minimum required bid can be determined and the accessibility of the information may encourage prospective bidders on the seized property.
Where, as in this case, the ability of possible bidders for seized property to learn the amount in advance of the sale of the appraisals is hindered by a violation of R.S. 13:4363, it becomes more likely that the property will be sold, as it was here, to the creditor for the minimum bid. Under these circumstances, where a creditor, by violating the statutory regulations on appraisal, makes it possible to obtain an abusive deficiency judgment, the enforcement of that judgment is inequitable and unconscientious and it may be annulled.
Credithrift argues that a faulty appraisal does not render the enforcement of a subsequent judgment unconscientious relying on Accardo v. Dimiceli, 226 La. 435, 76 So.2d 521 (1954). We find Accardo inapposite.
*343 Accardo involved an action to partition property by licitation. Here the act to annul is aimed primarily at a deficiency judgment obtained after an executory proceeding in which there was a violation of the statutes regulating appraisal.
In the Accardo case the court denied the action to annul the partition proceedings based upon defective appraisals for the reason that the defects should have been urged on appeal and not in an action to annul the judgment and sale. The court reasoned that an action to annul cannot be used as a substitute for an appeal.
In the First Circuit case of Tapp v. Guaranty Finance Company, supra, which involved an action to annul a deficiency judgment and garnishment proceedings based upon it the court refused to follow the rationale of Accardo. In that case no appeal was taken from a deficiency judgment obtained following an executory process proceeding wherein there was no legal appraisal. The court there found the deficiency judgment was obtained in violation of a prohibitory law and was for that reason a nullity. The court stated:
"... If we are correct in our holding that the foreclosure proceedings, including the attempted appraisement of plaintiff's property were null, void and of no legal effect, then it follows that under LSA-R.S. 13:4106 "* * * the debt nevertheless shall stand fully satisfied and discharged, and such mortgagee or other creditor shall not thereafter have the right to proceed against the debtor or any other of his property for such deficiency, in any manner whatsoever." Therefore, the Legislature has absolutely prohibited a mortgagee or other creditor from proceeding against the debtor or any other of his property for any deficiency judgment in the absence of a legal appraisement. This is a prohibitory law and under LSA-Civil Code, Article 12, "Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed." [158 So.2d 234]
The Tapp Court reasoned that the Legislature by enacting LSA-R.S. 13:4106 had expressed the strong public policy that deficiency judgments are prohibited except in cases where the sale has been made with legal appraisment and that a judgment rendered in violation of the statute was a nullity.
In the case of League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 the Supreme Court approved the rationale of Tapp and held no deficiency judgment could be obtained where there was no legal appraisal. The court therein rejected the reasoning of the earlier Fourth Circuit case of White Motor Co. v. Piggy Bak Cartage Corp., La.App., 202 So.2d 294, in which it had denied writs, which held that where the debtor had failed to appeal the order of seizure and sale or enjoin the sale he could not defend the suit for deficiency judgment on the grounds that there had been no legal appraisal.
We find Accardo inapplicable to this suit to annul a deficiency judgment for the reasons expressed in Tapp.
The appraisals were found defective in the Tapp case and in the League Central Credit Union case because the order of seizure and sale in each case was not supported by authentic evidence rather than for any defect in the appraisal. In this case the defect is contained in the appraisals. The effects of the illegal appraisals are the same in that they result in sales without appraisals and under the provisions of LSA-C.C.P. art. 2771 and LSA-R.S. 13:4106 a deficiency judgment rendered based upon a sale without appraisment is subject to an action of nullity.
For the foregoing reasons the judgment of the district court is AFFIRMED with respect to plaintiff's demand that the sheriff's sale be annulled, but as to all other demands the judgment of the district court is REVERSED and the motion for summary judgment is denied and this cause is remanded for further proceedings. All costs of this appeal are assessed against appellee.
NOTES
[1] A 1981 amendment deleted the quoted language from the statute. However, Act No. 836 of 1982 restores the language to the statute and strengthens it with the additional requirement that the appraisal be delivered to the sheriff at least two days prior to the sale.