448 So.2d 817 (1984)
MASSEY-FERGUSON CREDIT CORPORATION, Plaintiff-Appellant,
v.
Samuel F. DOUGLAS, Jr., Defendant-Appellee.
No. 16,074-CA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
Writ Denied May 11, 1984.
*818 Hudson, Potts & Bernstein by W. Lee Perkins, Jr., Monroe, for plaintiff-appellant.
Burton L. Wade, St. Joseph, for defendant-appellee.
Before JASPER E. JONES, NORRIS and McCLENDON, JJ.
McCLENDON, Judge Pro Tempore.
Plaintiff's demand for a deficiency judgment following the sale of mortgaged chattels under executory process was denied by the trial court, because the appraisal and the sheriff's sale took place on the same date contrary to LSA-R.S. 13:4363. Plaintiff appealed.
In late 1980 and early 1981, the defendant Douglas purchased two large items of farm equipmenta tractor and a combinefinanced through the plaintiff corporation in two notes of $30,208.00 and $74,114.34, respectively, secured by chattel mortgage on the equipment.
The mortgage contained the usual confession of judgment, waiver of delays and appraisal, as well as authorizing seizure and sale by executory process.
Defendant-appellee defaulted on the first payment due under each note, on October 1, 1981 and on January 1, 1982, respectively, and was in default on both obligations on the latter date.
Appellant filed a petition for executory process on both pieces of equipment on September 21, 1982. The equipment was seized on October 6, 1982.
The sheriff of Tensas Parish notified appellant's counsel on October 7, 1982 to appoint an appraiser to appear on Monday before the sale on Wednesday, October 27, 1982 to appraise the property seized. The mortgaged property was both appraised and sold on October 27, 1982 for two-thirds of the appraised value.
When the suit for a deficiency judgment was tried on June 13, 1983, the trial judge ruled that plaintiff-appellant was not entitled to a deficiency judgment because LSA-R.S. 13:4363 required that the appraisal precede the sale by two days.
Counsel for appellant cites the case of Credithrift of America, Inc. v. Williams, 426 So.2d 339 (La.App.2d Cir.1983) rendered by this court, and then argues that it is distinguishable from the present case "on several important points."
This court has been unable to find from counsel's brief or from its own examination any real distinction between the basic holding of these cases.
It is true that Credithrift, supra, dealt with a sale made in 1980 when R.S. 13:4363 required appraisal two days before sale. The appraisal in that case was made one day before the sale rather than on the same day as in the present case.
It is also true that after Credithrift was decided the statute was changed in 1981 to do away with the requirement of appraisal two days prior to sale. However, this same statute had been changed again by the legislature in 1982 (Act 836) to again require appraisal two days prior to sale, and this change had been in effect from September 10, 1982, not quite two months before the sale on October 27, 1982.
*819 This court is aware of how difficult it is, as an attorney (or a judge), to keep one's self aware of the ever changing laws, and particularly the minor changes such as this particular one might appear to be. It is also keenly aware of that danger zone of time after the legislature meets and before West Publishing Company prints its Session Law Service covering in indexed form the changes, but it does not consider an oversight occurring therein reason to reverse itself.
"Executory process is a harsh remedy and one seeking to avail himself of executory process must strictly comply with the letter of statutory requirements for its use." Credithrift, supra, citing Chrysler Credit Corp. v. Stout, 404 So.2d 304 (La. App. 3rd Cir.1981).
In this case the appraisal and sheriff's sale occurred on the same day in clear violation of the mandatory language of R.S. 13:4363. We conclude that the purported appraisal is invalid and it is as if there was no appraisal at all. Since an appraisal is required in order to obtain a deficiency judgment (La.C.C.P. 2771), the trial court was correct in denying the deficiency judgment.
We therefore affirm the trial court, at appellant's cost.