KLIEBERT, Judge.
Joseph A. Rodrigue takes this devolutive appeal from a judgment granting a motion for summary judgment in favor of New England Reinsurance Corporation, the professional malpractice insurer of the Law Offices of Sidney D. Torres, III (Torres).
We affirm.
Torres represented Rodrigue in a personal injury suit against the Parish of Jefferson. Under the existing jurisprudence Ro-drigue was denied recovery at both the trial and appellate level.[1] Torres submitted by mail an application for writs of certiora-ri to the Supreme Court. It was postmarked one day late and hence not considered because not timely filed. Rodrigue thereafter instituted a suit for damages against Torres’ malpractice insurer, New England Reinsurance Corporation, pursuant to the Louisiana Direct Action Statute.
The circumstances surrounding the mailing of the application are set forth in the affidavit of Frank E. Williams, an employee of Torres’ law firm who was assigned the task of printing, copying and filing the application. Williams relates that on March 7, 1984 [the last day on which to secure a postmark and effectively file the application pursuant to Rule 10 Section 4(b) of the Supreme Court Rules] a clerk at the Chalmette Post Office informed him that letters deposited in the out-of-town mailbox in front of the post office before 5:45 P.M. would be picked up and postmarked that day. Williams deposited the application in the above described mailbox prior to 5:30 P.M.; however, when received by the Clerk of the Supreme Court on March 9,1984, the envelope was postmarked March 8, 1984.
Upon learning that the Supreme Court refused to consider the application because it was not timely filed, Williams met with Chalmette postal authorities and was informed that all mail deposited in the out-of-town mailbox prior to 5:45 P.M. on March 7 should have been collected, taken to the main post office in New Orleans and processed the same day. The postal authorities related that automatic cancelling equipment utilized by the Postal Service is not 100% reliable and that envelopes with un-cancelled stamps are sorted out and placed in a receptable for recirculation. Uncan-celled mail was not recirculated before the date on the cancelling equipment was forwarded.
Williams stated that the foregoing is the only explanation as to why the Postal Service failed to postmark the envelope March 7, 1984, that he relied upon the representations of the postal clerk, and that had he known the postmark would be affixed in New Orleans, he would have deposited the envelope there.
Appellant argues that the trial court erred in granting the appellee’s motion for summary judgment and correctly points out that such motions should be granted only when the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Article 966; Kerwin v. Nu-Way Const. Service, Inc., 451 So.2d 1193, 1194 (La.App. *390 5th Cir.1984); Credithrift of America, Inc. v. Williams, 426 So.2d 339, 341 (La.App. 2nd Cir.1983). The facts as set forth in Williams’ affidavit are uncontested and establish that appellee was entitled to judgment as a matter of law.[2]
Conceptually, an action for legal malpractice is no different from an action for medical malpractice; both entail a deviation from accepted standards of care of the profession. Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir. 1983) writ denied 431 So.2d 773. An attorney must exercise at least that degree of skill and diligence which is exercised by prudent practicing attorneys in his locality. Meyers v. Imperial Cas. Indem. Co., 451 So.2d 649 (La.App. 3rd Cir.1984). The facts as related above show that the application was deposited in ample time to be postmarked March 7; that the Postal Service failed to do so does not impute negligence on the part of Torres. As we discern no negligence, we need not speculate as to whether Rodrigue may have prevailed on review of his original suit.[3]
For the foregoing reasons, we find summary judgment appropriate. The judgment of the trial court is affirmed; all costs of this appeal to be paid by appellant.
AFFIRMED.

. Rodrigue v. Firemen’s Fund Ins. Co., 449 So.2d 1042 (La.App. 5th Cir.1984).

. In the absence of counter-affidavits it must be assumed there is no dispute with regard to the facts as set forth in mover’s affidavits. Duckworth v. Government Employees Ins. Co., 464 So.2d 907 (La.App. 4th Cir. 1985).

. An attorney is liable for harm caused by his negligence only if the client proves that such negligence is the proximate cause of the lost claim, i.e., that ‘but for" the negligence of the attorney the litigation would have resulted in a decision favorable to the client. Meyers supra; Alfonso v. McIntyre, 387 So.2d 1348 (La.App. 1st Cir. 1980) writ denied 392 So.2d 693.