BYRNES, Judge.
This is an appeal of a summary judgment dismissing plaintiff-appellant, Stella Jones’ claim against the Sharp Construction Company. We reverse.
FACTS
This suit for personal injuries arose when Jones fell in an allegedly defective area of LaSalle Street and sustained injury. Made defendants in this suit were the City of New Orleans (City), the Sewerage and Water Board (S & WB), Sharp Construction Company (Sharp) and their insurers. The City was sued as custodian of the allegedly defective street. The S & WB and Sharp were sued because of allegedly defective repair work which they had undertaken at the site of the injury.
The undisputed facts are as follows:
*1205 In February, 1984, Sharp entered into a contract with S & WB whereby Sharp would perform selected sewer repairs throughout the City. Under the terms of this contract, Sharp would be given a work order directing it to perform certain repairs at the designated location. After the repair was made, a S & WB inspector would inspect the work. After approval, Sharp was required to refill the hole. If pavement was broken to make the repair, the contract provided that Sharp had to wait thirty to sixty days before repaving to allow for settling of the fill material. Sharp was also required to keep the work area clean of debris until the job was completed.
In the present case, Sharp received a work order to repair the sewer line located beneath LaSalle Street. On September 25, 1984, Sharp employees broke up the street pavement and excavated the designated sewer line. Before the end of the day, the repair work was completed and the S & WB inspector had approved the repair. Prior to leaving the work site, Sharp employees filled the hole with excavated dirt and shells and hauled away all remaining debris.
Three days later, a Sharp supervisor, Monroe Frazier, drove by the repair site and noticed that it had been repaved. Frazier also noted a pile of shells that were placed on the side of the street with a S & WB barricade covering it. S & WB was then contracted by Sharp and told that the area had been repaved and that shells remained at the work site. Sharp considered its work at the LaSalle Street site to be completed and only billed S & WB for the sewer repair work and not the repaving. Subsequently, it was learned that S & WB had, in fact, paved the repair site sometime between September 25th and 28th, 1984. S & WB had also left a pile of shells on the shoulder of the street when it repaved the area, but had requested that one of its crews pick up the shells. This was not done.
On October 30, 1984, Jones was crossing LaSalle Street when she tripped in the area of the repair site and injured herself, prompting her to sue the defendants named above. Sharp later moved for summary judgment alleging that it was not a cause-in-fact of Jones’ harm and that it did not breach any duty owed to her. The trial court granted this motion and in its reasons for judgment stated:
The Court concludes after reviewing the deposition of Monroe Frazier, the contract and the law that Sharp Construction Company had been relieved of any further liability prior to the time of plaintiffs fall on October 30, 1984. See Ducote Contractor v. Bossier, 192 So.2d 179 (First Circuit, 1966) and Comment G of section 384 of the Restatement of Torts, Second.
This appeal followed.
ASSIGNMENT OF ERROR
By their sole assignment of error, Jones and S & WB assert that the trial court erred in granting summary judgment. We agree.
Summary judgment shall be granted, "... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” C.C.P. Art. 966(B). Even if there is no genuine issue of material fact, summary judgment is improper if the moving party is not entitled to judgment as a matter of law. Credithrift of America, Inc. v. Williams, 426 So.2d 339 (La.App. 2nd Cir.1983).
In the present case, the trial court concluded there were no material facts in dispute and that, as a matter of law, Sharp had been relieved of any contractual liability prior to the occurrence of Jones’ injury. We agree with the trial court’s finding that this case presents no genuine issue as to material fact. We conclude, however, that Sharp did not present enough evidence in support of its motion to show that it was entitled to judgment as a matter of law.
The undisputed facts establish that S & WB’s contract with Sharp required that Sharp repave the cut in the pavement and keep the repair site clean of debris throughout the duration of the repair work. *1206 Although S & WB entered the repair site and performed the street paving, there was insufficient evidence presented in support of the motion for summary judgment to show that the conduct of S & WB relieved Sharp of its pre-existing contractual duties to ensure that the roadway was restored and that the work site was kept clear of debris. While the deposition testimony of Frazier corroborates the undisputed fact that the repair site was repaved by S & WB and that a pile of shells was left on the curb of LaSalle Street, this testimony does not settle the issue of whether S & WB’s actions relieved Sharp of its contractual duties. The only proof offered by Sharp to show that S & WB’s repair work at the LaSalle Street site relieved Sharp of its contractual liability was the deposition testimony of S & WB employee, Huerkamp. In his deposition, Huerkamp testified that “[sjince the cut was already resurfaced, he [Sharp] would not have to meet with me to determine the extent of the resurfacing”. Huerkamp further stated that “I would assume if the work site had been disturbed by someone other than the contractor, he wouldn’t have been required to pick up the shells”. While there exists no factual dispute regarding the repaving work, nonetheless, there exists the legal question whether Sharp was relieved of its responsibility to Jones. Under these circumstances, summary judgment was not proper. Accordingly, the judgment of the trial court is reversed and set aside. The matter is remanded to the trial court for further proceedings. The assessment of costs to await the outcome of a trial on the merits.
REVERSED AND REMANDED.