WILLIAM A. CULPEPPER, Judge Pro Tern.
The sole issue on appeal is whether exec-utory proceedings brought by plaintiff-appellant, Chrysler Credit Corp., were defective for noncompliance with the appraisal delivery requirements of LSA-R.S. 13:4363. The trial judge found that the executory proceedings were defective and annulled the deficiency judgment obtained by Chrysler against defendant-appellee, Ramona Bowser. Chrysler appeals this judgment. We affirm.
FACTS
Ramona Bowser defaulted on a promissory note executed by her and given to plaintiff, Chrysler Credit Corp. The note was secured by a chattel mortgage on her vehicle. Upon default, Chrysler matured the entire note under its acceleration clause and seized and sold the vehicle through executory process.
Chrysler instituted the executory proceedings against Bowser on August 31, 1989. Bowser was notified of the suit and of her right to appoint an appraiser on September 13, 1989. Subsequently, the Calcasieu Parish sheriffs office appointed G. Thomas Arbour to appraise the vehicle.
The vehicle was ultimately appraised for $4580 by Alan Hunt and by M. Granger, Jr., on October 10, 1989, and October 11, 1989, respectively. The car was sold for $3054 on October 11, 1989.
Chrysler then instituted proceedings to obtain a deficiency judgment on March 5, 1990. On May 2, 1990, the trial judge granted a summary judgment in favor of Chrysler, awarding a deficiency judgment against Bowser.
On May 30, 1990, Bowser filed a motion for new trial, which was granted on June *206 19,1990. At the new trial on May 15,1991, the judge held in favor of Bowser, finding that the appraisal delivery requirements of LSA-R.S. 13:4363 had been violated, rendering the appraisals ineffective. Since the appraisals had no effect, the deficiency judgment was annulled. Chrysler filed a motion for new trial on June 17, 1991, which was denied on June 5, 1992.
Chrysler appeals the judgment in favor of Bowser which annulled its deficiency judgment.
OPINION
Chrysler argues on appeal that the trial judge erred in annulling the deficiency judgment on the basis of late delivery of the appraisals. It contends that neither Chrysler nor Bowser appointed appraisers, and that, since the appraisals were apparently made by appraisers appointed by the sheriff, the delivery requirements of LSA-R.S. 13:4363(A) do not apply.
LSA-R.S. 13:4363 provides that no less than seven days before the sale of the seized property, the sheriff shall notify the debtor and the creditor and direct each to appoint an appraiser. The appraisals are to be made and delivered at least two days, exclusive of holidays, prior to the time of the sale. However, LSA-R.S. 13:4364 provides that if a party neglects to appoint an appraiser, the sheriff shall appoint one for him. The statute further provides that the appraisal made by the appraisers appointed by the sheriff “shall be made and delivered to the sheriff at a time prior to the sale.” La. Association for the Blind, Inc. v. Robertson, 552 So.2d 580 (La.App. 2d Cir.1989).
Executory process is a harsh remedy and one seeking to avail himself of executory process must strictly comply with the letter of the statutory requirements for its use. Massey-Ferguson Credit Corp. v. Douglas, 448 So.2d 817 (La.App. 2d Cir.), writ denied, 450 So.2d 360 (La.1984), and cases cited therein; Credithrift of Am., Inc. v. Williams, 426 So.2d 339 (La.App. 2d Cir.1983). A creditor may obtain a deficiency judgment only if the property has been sold in an executory proceeding after an appraisal in accordance with law. Appraisals made in violation of the mandatory language of LSA-R.S. 13:4363 are invalid and it is as if there was no appraisal at all. Credithrift of Am., Inc., supra.
The record before us on appeal does not reflect the appointment of the appraisers, Hunt and Granger, by the sheriff. Instead, the record shows the appointment by the sheriff of Arbour as an appraiser. However, Arbour did not submit an appraisal. The record does not show that Hunt and Granger were appointed by the sheriff. Thus, their appraisals had to be filed on October 9, 1989. These two appraisals are dated October 10 and 11, respectively. Thus, the record does not show they were timely filed.
Finally, Chrysler urges that Bowser did not object to the late deliveries until Chrysler filed its petition for a deficiency judgment, and that since she did not object to the appraisals at the time of the sale, she should not be heard to do so now. However, the two days prior delivery requirement is intended to give debtors an opportunity to object. In this case, one of the appraisals was made the day of the sale. Thus, Bowser’s assertion of the defense of an improper appraisal process is timely at the deficiency judgment stage of the proceedings.
Therefore, the trial judge did not err in annulling the deficiency judgment against Bowser due to late delivery of the appraisals in the executory proceedings. See Massey-Ferguson Credit Corp., supra, and Credithrift of Am., Inc., supra.
DISPOSITION
For the reasons given, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, Chrysler Credit Corp.
AFFIRMED.