621 So.2d 1162 (1993)
Stanley J. LAICHE, Sr., et al.
v.
Lance KOHEN, et al.
No. 92 CA 1453.
Court of Appeal of Louisiana, First Circuit.
April 1, 1993.
Vicki S. Wood, Baton Rouge, for plaintiff/appellant.
Jay B. Mitchell, Baton Rouge, for defendant/appellee.
Before CARTER, LeBLANC and PITCHER, JJ.
PER CURIAM.
This appeal is from a May 29, 1992, judgment of the Twenty-Third Judicial District Court granting defendants Lance Kohen, David Duplessis and their professional liability insurer, Horace Mann Insurance Company, summary judgment. For the following reasons, we affirm.
On September 7, 1989, St. Amant Elementary School and Galvez Elementary School played a scrimmage football game. S.J. Laiche, Jr. (hereinafter S.J), a 110 pound, eighth grader, playing on the St. Amant team sustained a fractured leg during the course of the game. S.J. was injured as he approached the Galvez end-zone and was struck by two Galvez tacklers. The football which S.J. was carrying "began to bobble" and became lodged underneath his right leg. Then a third St. Amant player, also an eighth grader, but who weighed approximately 270 pounds, fell across S.J.'s legs. S.J.'s right leg was fractured during the incident. No penalty was called against any of the players.
On March 29, 1990, Stanley J. Laiche, Sr. and Charlene Laiche, individually and on behalf of their minor son, S.J., filed suit against Lance Kohen (coach of the St. Amant team), David Duplessis (coach of the Galvez team), Ascension Parish School Board, and Horace Mann Insurance Company.
Plaintiffs alleged, in relevant part, that the coaches were liable for S.J.'s injuries due to their:
a) allowing and/or requiring smaller elementary school students to scrimmage with disproportionately larger elementary school students without regard to consideration *1163 of height and weight differences among the players;
. . . . .
c) failing to protect smaller players from injuries caused by much larger players;
Additionally, plaintiffs alleged that the Ascension Parish School Board was liable for S.J.'s injuries due to its:
a) failing to develop, adopt and/or implement a system or procedure to prevent extremely large elementary school players from practicing and/or otherwise participating in scrimmage with relatively smaller players, particularly at grammar school levels;
b) failing to develop, adopt, and/or implement a system or procedure to require that participants in football scrimmages be selected on the basis of similar height and weight classifications;
On May 21, 1990, defendants, Lance Kohen, David Duplessis, and Horace Mann Insurance Company, filed an answer setting forth, inter alia, the following affirmative defense:
The risk encountered by [S.J.] is not a risk which falls into the ambit of the duty upon Coaches Kohan (sic) and Duplessis in their positions as elementary school football coaches.
On February 5, 1991, the defendant coaches and their insurer moved for summary judgment alleging, in relevant part:

1
Coaches Duplessis and Kohen had no duty to prevent [S.J.], an eighth grade football player, from getting hurt in a regular, supervised, refereed interschool football game when the tackle which hurt him was neither unexpected nor unsportsmanlike and is an inherit (sic) part of the game well known to S.J. and his parents.

2
The two coaches had no authority to develop, adopt and/or implement a system or procedure to prohibit a larger players (sic) from playing against relatively smaller players.
Both coaches also filed sworn affidavits, stating that they did not have the authority "to adopt, develop and/or implement a system or procedure prohibiting larger players from playing against relative (sic) smaller players."
The district court heard the motion and granted the same without assigning written reasons. Plaintiffs' suit against the Ascension Parish School Board was not disturbed by the district court.
Plaintiffs have appealed, assigning error to the district court's finding that, as a matter of law, the coaches owed no duty to S.J.
A motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
In the case sub judice, there are no genuine issues as to the material facts. If the coaches were without a legal duty to protect against the "particular risk involved,[1]" here the risk of injury from playing in a football game with players of different weights, then defendants were indeed entitled to summary judgment.
A duty has been defined as "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." Prosser and Keeton on the Law of Torts 356 (5th ed. 1984). The imposition of a legal duty depends on a case-by-case analysis. Gresham v. Davenport, [537 So.2d 1144 (La.1989) ]. Harvey v. Ouachita Parish School Board, 545 So.2d 1241, 1244 (La.App. 2d Cir.1989).
*1164 Indeed, a determination of whether or not the coaches had the duty plaintiffs allege they did necessitates that we bear in mind the particular facts of the case sub judice and be certain of the applicability of other decisions in the jurisprudence in light of those facts, before we look to those decisions for guidance. We are not called upon to decide whether or not the coaches herein had any duty to allow S.J. to access medical treatment. Thus, we need not be concerned with decisions finding coaches to have breached duties owed to their players after they denied injured or sick players medical treatment. See Jarreau v. Orleans Parish School Board, 600 So.2d 1389 (La.App. 4th Cir.), writ denied, 605 So.2d 1363 (La.), writ denied, 605 So.2d 1378 (La.1992), and Mogabgab v. Orleans Parish School Board, 239 So.2d 456 (La.App. 4th Cir.), writ refused, 256 La. 1152, 241 So.2d 253 (La.1970).
Also inapplicable, is the Second Circuit's decision in Pitre v. Louisiana Tech University, 596 So.2d 1324 (La.App. 2d Cir. 1991), on rehearing, (Lindsay, Sexton, J.J., dissenting), writ denied, 604 So.2d 998 (La. 1992), upon which plaintiffs rely. Pitre, 596 So.2d at 1324, decided whether or not a university owed a duty to one of its resident students injured in a sledding accident on its campus. The Second Circuit held that "Tech had a duty to protect or warn against this unreasonably dangerous activity." (Emphasis ours). Pitre, 596 So.2d at 1324, 1333. The Second Circuit's holding was based on facts neither present nor analogous to those herein.
We note that Pitre, 596 So.2d at 1324, recognized a duty on the part of a university and not individual coaches or teachers. Moreover, the duty recognized in Pitre, 596 So.2d at 1324, was one to protect or warn against an unreasonably dangerous activitysledding down a snow covered hill, atop a trash can lid, on one's back, head first into a parking lot containing cement encased light posts. The football game S.J. was injured in is hardly analogous to the activity causing injury in Pitre, 596 So.2d at 1324.
Defendants rely on the Louisiana Supreme Court's seminal tort law decision, Murray v. Ramada Inns, Inc., 521 So.2d 1123 (La.1988). Murray, 521 So.2d at 1123, is well known for its abolition of the doctrine of assumption of the risk. The Louisiana Supreme Court held that it would no longer bar plaintiffs from recovery "on the ground that [the plaintiff] knew of the unreasonable risk created by the defendant's conduct and voluntarily chose to encounter that risk." The Court noted that this kind of plaintiff conduct had been labeled "implied secondary" assumption of the risk. Murray, 521 So.2d at 1123, 1129. However, the Louisiana Supreme Court was careful to add the caveat:
Nor does our decision today mean that the result reached in the sports spectator or amusement park cases (common law's `implied primary' assumption of risk cases) was incorrect. However, rather than relying on the fiction that the plaintiffs in such cases implicitly consented to their injuries, the sounder reasoning is that the defendants were not liable because they did not breach any duty owed to the plaintiffs.

Murray, 521 So.2d at 1123, 1134.
Continuing its reservation, the Court stated:
Again, this is not to say that a duty is owed or breached in all situations that involve injury. We have held, for example, that the duty which a landowner owes to persons entering his property is governed by a standard of reasonableness, and that a potentially dangerous condition that should be obvious to all comers is not, in all instances, unreasonably dangerous. See, e.g., Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406, 410-11 (La.1976). However, the key to a finding of no liability in such cases is not the plaintiff's subjective awareness of the risk, but the determination that the defendant did not act unreasonably vis-a-vis the plaintiff, or injure the plaintiff through the instrumentality of an unreasonably dangerous thing in his custody.

Murray, 521 So.2d at 1123, 1136.
Additionally, Justice Cole, assigning additional reasons for the Court's decision, felt that it was important to explain:
There is no suggestion a defendant will be liable in those instances where there *1165 is no duty to protect against the risk of injury sustained by the plaintiff.

Murray, 521 So.2d at 1123, 1137.
After a thorough review of the pleadings, depositions and affidavits before us, in light of the pertinent jurisprudence, we are unable to find a basis for imposing upon the coaches herein a duty to their players to protect against the risk of injury from playing a football game with players of different weights. We do not base our decision today upon any "subjective awareness of the risk" on the part of S.J. Rather, we base our decision on the fact that the coaches herein "did not act unreasonably vis-a-vis [S.J], or injure [S.J.] through the instrumentality of an unreasonably dangerous thing in [their] custody." Murray, 521 So.2d at 1123, 1136. The coaches herein had "no duty to protect against the risk of injury sustained by [S.J.]." Murray, 521 So.2d at 1123, 1137. Therefore, the district court's granting defendants summary judgment was correct; and we will not disturb the same.
For the foregoing reasons, the district court's May 29, 1992, judgment granting defendants' motion for summary judgment is affirmed at plaintiffs' costs.
AFFIRMED.
NOTES
[1] Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620, 622 (La.1972).