669 So.2d 541 (1996)
Madeline D. EDWARDS, et al.
v.
DOUG RUEDLINGER, INC., et al.
No. 95-C-0785.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1996.
*542 R. Bradley Lewis, Talley, Anthony, Hughes & Knight, L.L.C., Bogalusa, for Defendant/Relator, Louisiana High School Athletic Association, Inc.
Ernest Lee Caulfield, Maurice A. Williams, New Orleans, for Plaintiffs/Respondents, Madeline and Derrick Edwards.
Before BARRY, CIACCIO and MURRAY, JJ.
MURRAY, Judge.
The Louisiana High School Athletic Association, Inc. ("LHSAA") seeks relief from the trial court's denial of its motion for summary judgment of dismissal. A majority of this panel previously denied review by order dated July 5, 1995. However, upon remand from the Supreme Court, supplementary briefs were submitted and oral arguments were heard on January 17, 1996. Because of this additional information, we now reverse the court below and grant judgment in favor of the LHSAA.[1]

FACTS AND PRIOR PROCEEDINGS
Derrick Edwards and his mother filed suit against the LHSAA, as well as various other parties, for injuries he sustained during a high school football game in September, *543 1989. Mr. Edwards was rendered a quadriplegic when he was allegedly tackled improperly and illegally by a player for St. Augustine High School. Mr. Edwards' petition asserted that after the injury, it was discovered that he had an asymptomatic congenital spinal defect which predisposed him to the type of injury he had suffered, and that this defect would have been revealed by an x-ray. The LHSAA was asserted to be liable for Mr. Edwards' injury because:
a) it knew of the increased risk of injury to those having certain spinal defects, yet failed to specify that a cervical x-ray be included in the medical examination it required for sports participation;
b) it failed to require that member schools warn students of possible paralyzing injuries from participation in football;
c) it failed to promulgate and enforce rules which would prevent unsafe blocking and tackling techniques; and
d) it failed to ensure students were taught safe and proper blocking and tackling techniques.
The LHSAA moved for a summary judgment of dismissal. In support of its motion, the LHSAA submitted affidavits from its Commissioner, Tommy Henry, its Assistant Commissioner, Mac Chauvin, and from one of its certified high school football officials, C. Michael Hill. Mr. Edwards opposed the motion with his own affidavit concerning the football rules at issue and the content of his instruction, his parents' affidavit that they were not warned their son could be injured playing football, and excerpts from his deposition and the LHSAA handbook. The motion was denied[2] by the trial court.
On our original review of this writ application, two members of this panel decided that unresolved issues[3] regarding the LHSAA's requirement of a physical examination prevented summary judgment. The evidence showed that the LHSAA not only required participants to undergo a physical examination, but also furnished a detailed form to be completed by the examining physician.[4] Therefore, the evidence and the reasonable inferences arising therefrom supported the finding that the LHSAA had assumed[5] the duty to protect students to some degree from athletic injuries. And Mr. Edwards' unrefuted allegations concerning the LHSAA's superior knowledge of congenital defects which might predispose him to injury, as well as the ease of detecting such a condition by x-ray, represented disputed factual issues relevant to the scope of protection afforded by the duty found in this case. Therefore, there appeared to be a basis for the trial court's denial of the motion for summary judgment.
At oral argument before this court, however, plaintiffs' counsel admitted that his medical expert would now testify that Mr. Edwards' *544 congenital spinal defect is not the type which would have predisposed him to paralyzing injury, as previously alleged. The scope of the LHSAA's physical examination requirement is thus no longer a material issue in this case.

DISCUSSION
In determining whether summary judgment is appropriate, appellate courts review the evidence de novo. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180. This standard of review requires the appellate court to look at "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," in making an independent determination that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ.Proc.Ann. art. 966(B); Young v. Oberhelman, 607 So.2d 719 (La.App. 4th Cir. 1992). In order to prevail on a motion for summary judgment, the movant must show "that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact." South Central Bell Telephone Co. v. Sewerage and Water Bd., 94-1648 & 94-1649, p. 2 (La.App. 4th Cir. 3/16/95), 652 So.2d 1090, 1093, writ denied, 95-0949 (La. 5/19/95), 654 So.2d 1090. Both the evidence and all inferences drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in his favor. Id. Taking into account these standards, we find that summary judgment is proper in this case.
Mr. Edwards' contentions regarding the LHSAA's liability derive from its status as "the agency that was responsible for managing, coordinating, supervising, promulgating, and setting rules and regulations" for high school interscholastic athletics in the state[6]. It is argued that since a disproportionate number of paralyzing football injuries in this country have occurred in Louisiana high school games, the LHSAA was on notice that serious problems existed and that participants should be warned of the dangers of playing football. And while the evidence shows the football rules adopted by the LHSAA prohibited "spearing" and "face tackling", Mr. Edwards appears to contend that the LHSAA did not ensure that either the coaches at its member schools or the LHSAA-sanctioned game officials properly interpreted this rule. Liability is therefore asserted based upon the LHSAA's failure to require its members and game officials to both teach and enforce the existing rules.
The LHSAA contends that the Second Circuit has held, in Harvey v. Ouachita Parish School Board, 545 So.2d 1241 (La.App.2d Cir.1989), that it is not liable for the torts of either its member schools or the referees, and therefore this motion for summary judgment was improperly denied.
In Harvey, an injured football player asserted liability based upon the LHSAA-approved referees' failure to remove overly aggressive players from the game, and/or LHSAA's failure to intervene when the offending school had previously allowed players to engage in potentially harmful conduct. The court found, however, that the referees were agents of the member schools, not the LHSAA, so vicarious liability could not be imposed. It was also decided that since there was no evidence the LHSAA should have been aware of the alleged prior infractions by the school at issue, no duty to protect a student from injury was shown to exist.
The existence of a legal duty under particular factual circumstances is a question of law, not fact. Meany v. Meany, 94-0251, p. 6 (La. 7/5/94), 639 So.2d 229, 233. And while the allegations presented here differ somewhat from those in Harvey, they are nevertheless grounded on the same assumption: that the LHSAA's status as a rulemaking body imposes a duty to regulate the conduct of all those involved in athletic programs at its member schools.
Like the Second Circuit, however, we find no basis for such a duty in the facts presented here. The LHSAA's supporting affidavits establish that it has no involvement in the selection, training, supervision or payment of *545 teachers, coaches, referees or other officials. As a voluntary association of schools, its power and authority in the face of a violation of its rules or bylaws is limited to suspension or expulsion from competition of an offending member. As in Harvey, there was nothing presented here to indicate that either of the schools involved, or any of the game officials, had a history of offenses which would warrant disciplinary action by the LHSAA. To impose a duty on the LHSAA to control the conduct of those who allegedly failed to act to prevent Mr. Edwards injury would be to alter its fundamental structure and functions.
For the same reasons, we reject the contention that the number of paralyzing injuries among this state's high school football players creates a duty for the LHSAA to require warnings to participants or their parents. The evidence shows the LHSAA exists to provide a framework for interscholastic competitions, not to ensure the safety of those individuals who participate in the various sports. Even if the LHSAA has recognized the potential for injury to some students and therefore requires a physical examination for all sports players, the assumption of this limited duty does not encompass a further requirement of specific warnings to football participants. Any duty to warn of such risks is better left to those who instruct and guide the players, not the LHSAA.
We therefore find that there are no material factual disputes regarding the LHSAA's duty under the circumstances of this case, and it is entitled to a judgment of dismissal as a matter of law. The judgment below is reversed, with each party to bear its own costs.
WRIT GRANTED; JUDGMENT REVERSED.
NOTES
[1] Since the writ application contains plaintiffs' petitions as well as all materials presented below for consideration on the motion, we do not find it necessary to bring up the record in order to render our opinion.
[2] We were furnished with neither written reasons for judgment nor a transcript of the hearing on the motion.
[3] While our prior writ denial addressed only the issue of the required physical exam, this should not be taken to mean that all other issues were found to have been resolved, as LHSAA's counsel asserted in brief and at oral argument. Under the standards for summary judgment, once a material fact is found to remain in dispute, further review is unnecessary.
[4] In spite of the LHSAA's argument that it had no duty to protect participating students from injuries, it is difficult to discern any purpose other than student safety for their medical certification requirement. Indeed, it is reasonably inferred that the LHSAA, recognizing that some students' physical condition could predispose them to injury in a particular sport, wanted to prevent such harm by prohibiting their participation. Additionally, while the LHSAA claims that it made no attempt to determine the scope or extent of the physician's examination, the structure and content of their Health Examination Form suggests otherwise. By listing particular organs and functions on the form, it may reasonably be inferred that the LHSAA required that the physician's examination include an attempt to discover conditions relating to those body systems. No evidence was submitted on the motion for summary judgment suggesting that use of this form was optional, as counsel represented at oral argument.
[5] See, e.g., Harris v. Pizza Hut, 455 So.2d 1364, 1371 (La.1984), where it was held that even if a duty is not imposed by law, liability may be imposed for a negligent breach of a duty voluntarily assumed. Once an actor has assumed a duty to protect others from some harm, the actor is obligated "to perform that duty in a reasonable and prudent manner." Peterson v. Doe, 94-1013, p. 5 (La.App. 4th Cir. 12/15/94), 647 So.2d 1288, 1291.
[6] Plaintiffs' third amending petition, paragraph II.