DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
10-168

KEVIN C. TRAHAN AND CHRISTINE TRAHAN

VERSUS

THE BAYOU COMPANIES, LLC, D/B/A BAYOU PIPE COATING

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 112511
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, J. David Painter, and David E. Chatelain[*], Judges.

**AFFIRMED**.

Chatelain, J., dissents and assigns written reasons.

**Edward Milligan**
**P.O. Box 90282**
**Lafayette, LA 70509**
**Counsel for Plaintiff-Appellant:**
　　**Kevin C. Trahan**

**Michael W. Adley**
**P.O. Drawer 51769**
**Lafayette, LA 70505**
**Counsel for Defendant-Appellee:**
　　**The Bayou Companies, L.L.C.**

---

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**PAINTER, Judge**.

Plaintiff, Kevin Trahan, appeals the trial court's judgment dismissing his action against Defendant, The Bayou Companies, L.L.C. (Bayou), pursuant to Defendant's motion for summary judgment. For the following reasons, the judgment of the trial court is affirmed.

**FACTS**

At the time of the accident, Plaintiff was an independent contractor. He had an independent contractor agreement with Louisiana Transportation, Inc. (LTI). LTI located jobs for Plaintiff in exchange for thirty-three percent of the payment for the job.

On August 26, 2007, LTI notified Plaintiff of a trucking job the next day hauling three joints of pipe from Bayou in New Iberia, Louisiana to a pipeline project in Hackberry, Louisiana. To haul the pipe, Plaintiff went to LTI and picked up a forty-eight foot long by one hundred one inch wide trailer with an aluminum bed interspersed with wooden beams. He arrived at the Bayou yard at approximately 11:45 a.m. He got to the loading area at about noon, and the three joints of pipe, forty to forty-five feet long and forty-two inches in diameter each, were loaded on his truck.

A Bayou truck foreman asked him to move his truck away from the loading dock before the load was strapped down. Plaintiff protested the move because his trailer was on uneven ground, and he was afraid the pipe would roll. The pipe did not move when he moved the truck, and Plaintiff makes no claim that the pipe was improperly loaded. He moved his trailer to the front of the yard and began to strap the pipe down. No one was available to help him because the noon lunch whistle had

1

blown. While he was trying to strap the pipe down, the weather became bad, and the straps blew off the pipe when he threw them across. He claims that Bayou's loading site was muddy and that his boots became muddy as a result. However, he does not claim that Bayou should have provided an area free of mud for him to strap down his load. He climbed onto the trailer to secure the straps. The record indicates that he could have gone to the front office to ask for help or that he could have waited until after the lunch hour to get help. He stated that he made the decision to strap the load by himself and that doing so is part of being your own boss. His next memory is of regaining consciousness on the ground next to his trailer, apparently having fallen off the trailer.

Plaintiff sued Bayou for damages incurred in the fall from the trailer, alleging that his fall was caused by the negligence of Bayou's truck foreman in:

A.) Failing to properly train, instruct, and/or prepare its employees on the proper and safe loading procedures;

B.) Failing to adhere to the proper and safe loading procedures in the industry;

C.) Failing to provide assistance and properly completing the loading procedure and process.

Bayou answered and later filed a motion for summary judgment, attaching in support thereof a statement of uncontested fact and Plaintiff's deposition. Plaintiff opposed the motion with his own statement of uncontested material facts and his own deposition. The trial court granted the motion stating: "I do not think a duty was owed under these circumstances and there are no facts that would indicate that a duty was owed." Plaintiff appeals.

2

# DISCUSSION

*Summary Judgment*

It is well settled that:

> We review this matter de novo. *Reynolds v. Select Properties, Ltd.*, 93-1480 (La.4/11/94), 634 So.2d 1180. Accordingly, we must determine, using the same criteria applied by the trial court, whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). The initial burden of proof is with the mover to show that no genuine issue of material fact exists.

*Simien v. Med. Protective Co.*, 08-1185, p. 4 (La.App. 3 Cir. 6/3/09), 11 So.3d 1206, 1209, *writ denied*, 09-1488 (La.10/2/09), 18 So.3d 117.

Furthermore, La.Code Civ.P. art. 966 provides, in pertinent part, that:

> B. The motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

Thus, the standard of review requires this court to look at "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" to determine whether there is a genuine issue of material fact. *MacFadden v. Ochsner Clinic Found.*, 08-91 (La.App. 5 Cir. 10/28/08), 998 So.2d 161.

*Guillory v. Chapman*, 09-1005, pp. 2-3 (La.App. 3 Cir. 5/12/10), 38 So.2d. 573, 575.

*Bayou's Duty*

This case turns on the question of whether Bayou owed a duty to Plaintiff.

> A duty has been defined as "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Morris v. Orleans Parish School Bd.*, 553 So.2d 427, 429 (La.1989). The imposition of a duty depends on a case-by-case analysis. *Gresham v. Davenport*, 537 So.2d 1144, 1147 (La.1989); *Laiche v. Kohen*, 621 So.2d 1162, 1163 (La.App. 1 Cir.1993). Duty is a question of law. The inquiry is whether the plaintiff has any law--statutory, jurisprudential, or arising from general principles of fault--to support his claim. *Griffin v. Danos and Curole Marine Contractors, Inc.*, 94-1789, p. 6 (La.App. 1 Cir. 5/5/95), 655 So.2d 525, 528, *writ denied*, 95-1383 (La.9/15/95), 660 So.2d 451.

*Everett v. State Farm Fire & Cas. Ins. Co.*, 09-1699, p. 11 (La.App. 1 Cir. 3/26/10), 37 So.3d. 456, 464.

"In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented." *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 8 (La. 3/10/06), 923 So.2d 627, 633.

Nothing in the record indicates that strapping the load was the duty of the pipe supplier. We find nothing in the law, statutory or jurisprudential, which would support the conclusion that Bayou owes a duty of care which is intended to prevent this harm from occurring in this manner.

Accordingly, we find no error in the trial court's decision to grant Bayou's motion for summary judgment.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Plaintiff-Appellant.

**AFFIRMED.**

4

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-168

KEVIN C. TRAHAN, ET AL.

VERSUS

THE BAYOU COMPANIES, LLC, D/B/A BAYOU PIPE COATING

CHATELAIN, J., dissenting.

I respectfully dissent from the majority decision. Unlike the trial court and majority, which restrict the duty question to the issue of whether the defendant had a duty to assist strapping the load, I find that the defendant owed a broader duty to allow the plaintiff to strap down the pipe joints in a safe manner. In my view, the question is not simply whether the defendant should have provided workers to assist the plaintiff. Rather, the question is whether the defendant should have forced the plaintiff to move from the loading dock, with its attendant handrails and walkways, to secure his load, and required him to complete the strapping process where those aids did not exist. On this point, I find genuine issues of material fact.

In his deposition submitted in opposition to the defendant's motion for summary judgment, the plaintiff stated:

> They put us on the side of these racks [at the loading area]. There is [sic] stairwells on them and there is [sic] handrails. . . . We pull up along there when they load us. That way if we do need to get up there we can be along this (indicating). Okay. You can get your trailer about this far (indicating) from . . . that walkway. Real nice setup. And I know they didn't have that there [i.e., at the front of the yard away from the loading dock]. . . . And if they would have this wouldn't have happened.

1

Clearly, the defendant alone had the authority to decide where the load would be strapped down and what structures in the yard could be used. Accordingly, I would find The Bayou Companies, LLC, owed a broader duty to provide the plaintiff with a reasonably safe opportunity to load before leaving the defendant's yard. Whether or not the defendant breached that duty is a question for another day. Therefore, I would reverse the summary judgment and remand this matter to the trial court for further proceedings.